## Quincy A. Seward *vs.* Charles L. Hayden.

Franklin.    September 18, 1889. — November 26, 1889.

Present: Morton, C. J., Field, C. Allen, Holmes, & Knowlton, JJ.

*Demand Note — Statute of Limitations — Computation of Time.*

The day of the date of a promissory note payable on demand is to be excluded
in computing the six years within which, by the statute of limitations, an action
must be brought on the note.

Contract against the defendant, as a surety on a promissory
note of which W. M. Hayden was the maker, dated September
7, 1881, payable on demand to Seward and Willard, and bearing
the following indorsements: " Received of W. M. Hayden five
dollars, September 7, 1881.    December 12, 1882.    Received ten
dollars."    Writ dated September 7, 1887.    The answer set up,
among other defences, the statute of limitations.

The case was submitted to the Superior Court, and, after
judgment for the defendant, to this court, on appeal, on agreed
facts, in substance as follows.

The plaintiff, as surviving partner of the firm of Seward and
Willard, the payees of the note, had the legal title to the note.
The payments indorsed on the note were made by Hayden with-
out the knowledge of the defendant.    Judgment was to be
rendered for the defendant if the note is barred by the statute
of limitations ; otherwise, for the plaintiff.

*F. C. Griswold,* (*F. L. Greene* with him,) for the plaintiff.

*F. G. Fessenden,* for the defendant.

Knowlton, J.    This case presents for consideration the
single question whether, in an action upon a promissory note
payable on demand, the day of the date is to be excluded · or
included in reckoning the six years named in the statute of
limitations.    By the first of these modes of reckoning a payee
would ordinarily have a few hours more, and by the second a few
hours less, than six years within which to bring his suit.    But in
computing time under statutes and contracts the law disregards
fractions of a day, unless on account of the subject matter, or
for other important reasons, justice requires that they should be

regarded. This rule is universally held applicable to computations under the statute of limitations. In reckoning from a day or a date, the rule generally adopted excludes the day from which the reckoning runs. Many early cases stated a distinction between computations from a day or a date, and computations from an act done or from an event. But this distinction does not rest upon a sound principle, and in most jurisdictions it is no longer recognized. The tendency of recent decisions is very strongly towards the adoption of a general rule which excludes the day as the *terminus a quo* in such cases. But this rule is not inflexible ; and in the interpretation of a statute or contract it yields to a manifest purpose or intention in conflict with it. In ordinary cases there is no reason why it should not be held applicable to the statute of limitations, as well as to other statutes ; and in that particular there is nothing peculiar in the case at bar.

*Presbrey* v. *Williams*, 15 Mass. 193, laid down the doctrine, that, in an action upon a promissory note payable immediately, the day of the date is to be included in computing time under the statute of limitations, and this case has often been referred to by judges and writers of text-books as stating the law of Massachusetts, and as having been followed in some other States. But the authorities on which it rested have since been overruled in England, and in this Commonwealth under other statutes several decisions have been made which are in conflict with it. In *Bemis* v. *Leonard*, 118 Mass. 502, the authorities in England and in Massachusetts were very elaborately reviewed, and it was decided that under the Gen. Sts. c. 123, § 57, (Pub. Sts. c. 161, § 69,) which require the copy of the writ and of the return of the attachment of bulky personal property to be deposited in the town clerk's office " at any time within three days thereafter," the day of the attachment is to be excluded. The language of the statute there considered was substantially the same as that which we are considering, which requires actions to be commenced " within six years next after the cause of action accrued." Moreover, it is said in the opinion in that case, that the decision in *Presbrey* v. *Williams* " can hardly stand with the later adjudications." So, in applying the statute of limitations in a suit against an executor or administrator, it was held in the

case of *Paul* v. *Stone*, 112 Mass. 27, that, in computing the two years "from the time of his giving bond," the day upon which the bond is given is to be excluded.

We think the decisions in these and in some other cases in this court are so inconsistent with that in *Presbrey* v. *Williams* as virtually to have overruled it, and it can therefore no longer be considered an authority in this Commonwealth.

The language of the opinion in *Fenno* v. *Gay*, 146 Mass. 118, had no reference to the question now before the court. The question in that case was whether the note was payable immediately, or not until after a demand, and the language used was applicable to it.

For authorities in harmony with our construction of this statute, see *Lester* v. *Garland*, 15 Ves. 248; *Hardy* v. *Ryle*, 9 B. & C. 603; *S. C.* 4 Man. & Ry. 295; *Williams* v. *Burgess*, 12 A. & E. 635; *Webb* v. *Fairmaner*, 3 M. & W. 473; *Young* v. *Higgon*, 6 M. & W. 49; *Gorst* v. *Lowndes*, 11 Sim. 434; *Robinson* v. *Waddington*, 13 Q. B. 753; *Sheets* v. *Selden*, 2 Wall. 177, 190; *Cornell* v. *Moulton*, 3 Denio, 12; *Blackman* v. *Nearing*, 43 Conn. 56; *Homes* v. *Smith*, 16 Maine, 181, 183; *Menges* v. *Frick*, 73 Penn. St. 137; *Warren* v. *Slade*, 23 Mich. 1; *Kimm* v. *Osgood*, 19 Misso. 60; *Smith* v. *Cassity*, 9 B. Mon. (Ky.) 192.

*Judgment for the plaintiff.*