FRIED, MENDELSON & Co., Appellant, Respondent, *v.* EDMUND HALSTEAD, LTD., Respondent, Appellant.

First Department, October 20, 1922.

**Libel — complaint alleging single libelous statement published to several persons states but one cause of action.**

A complaint in an action for libel which alleges that a certain libelous statement was published to several different persons, indicating that such publication was made through the medium of a single letter, states but one cause of action.

CROSS-APPEALS by the plaintiff, Fried, Mendelson & Co., and by the defendant, Edmund Halstead, Ltd., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of May, 1922.

The plaintiff appeals from the entire order and the defendant from a portion thereof, which order directs plaintiff to serve an amended complaint herein separately stating and numbering the facts constituting six alleged causes of action for libel, based on

several alleged publications, or in lieu thereof, at plaintiff's election, that plaintiff serve an amended complaint herein setting forth but one alleged cause of action arising out of any one of such publications, and if mention be made therein of any other of such alleged publications, that mention thereof be made in such manner as clearly to indicate that it is for the purpose only of allowing proof thereof on the question of the damages, if any, flowing from the specified publication from which the alleged cause of action arose.

*I. Gainsburg,* for the plaintiff.

*Evarts, Choate, Sherman & Leon [Joseph H. Choate, Jr.,* of counsel; *James Garretson* with him on the brief], for the defendant.

MERRELL, J.:

The action is to recover damages for a libelous publication set forth in the 4th paragraph of the complaint.

The 5th paragraph of the complaint is as follows:

"*Fifth.* That the aforesaid publication was made to the plaintff's agent and employee, in charge of receiving the mail, and who received the same, and upon information and belief was made to the defendant's stenographer and representative and agent in the United States, and merchants in the United States and in England and others with whom plaintiff had been dealing and with whom he [it] had a good credit."

The court deemed at least six causes of action set forth in said complaint. It seems to me the court was wrong in this respect, and that but one cause of action was really alleged, namely, the publication of one single item of libelous matter among the various individuals mentioned in the 5th paragraph of the complaint. The defendant, appellant, seeking to uphold that portion of the order from which the plaintiff appeals and which determined that there were several causes of action contained in the complaint, relies upon the recent case of *Woodhouse* v. *New York Evening Post, Inc.* (201 App. Div. 9). This court in that case held that a separate cause of action for libel arose out of each separate publication. The publications, six in number, appeared in the New York *Evening Post* on six separate days. Each publication was of distinct and different matter from the others. In the case at bar the allegation is of a single libelous statement, which is alleged in the 5th paragraph, above quoted, to have been published to plaintiff's agent and employee, in charge of receiving the mail, and who received the same, and to defendant's stenographer and representative and agent in the United States, and merchants in the United States and in England and others with whom the plaintiff had been dealing and with whom it had a good credit.

It seems to me that there was but a single publication here of a single defamatory article, although made to different persons. The case at bar is quite like that of *People* v. *Bihler* (154 App. Div. 618; affd., 210 N. Y. 592) where a draft of a letter was handed to a stenographer with names of three concerns to whom copies of the letter were to be mailed. The defendant in that case was convicted of libel for the publication of the letter, the publication of which constituted but a single offense. In *United States* v. *Smith* (173 Fed. Rep. 227) it is stated that in the publication of a defamatory article in a newspaper publicly circulated there is but one publication, and that at the place where the newspaper is published. If the defendant, appellant, is right in its contention that there were several causes of action alleged in plaintiff's complaint, there would be as many causes of action against a newspaper for publishing a defamatory article as there were readers of the objectionable article.

The facts set forth in the complaint herein constitute but a single cause of action. The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements to the plaintiff, appellant, and defendant's motion to require plaintiff to serve an amended complaint separately stating and numbering the separate causes of action should be denied, with ten dollars costs to the plaintiff, appellant.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements to the plaintiff, appellant, and the motion denied, with ten dollars costs to the plaintiff.