ESTHER M. KRUPP *vs.* JAMES W. CRAIG.

Suffolk.     November 13, 1923. — January 4, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Evidence*, Materiality, Competency. *Contract*, What constitutes. *Husband and Wife.*

At the trial of an action where the time when a certain event occurred was an issue and the defendant testified that he fixed the date of the event because at that time he took out a certain policy of life insurance, it was improper to admit the policy in evidence for the purpose of corroborating the defendant's testimony.

At the trial of an action based upon an alleged promise by the defendant to pay the plaintiff, his sister, " so much money as she reasonably deserved " for board and lodging which, at his request, she had furnished to the defendant, his wife and his three children, there was evidence tending to show the following facts: In the year 1915, when the plaintiff was living with her husband and children in a partly furnished house owned by her husband, the defendant came to the house and asked her in her husband's presence if he could bring his family to stay with her until he received work, and

stated that when he got work he would pay her whatever he would owe her. The plaintiff, after consultation with her husband, agreed to take the defendant and his family, who then came to the plaintiff's house and stayed there continuously through May, 1916. On January 11, 1916, the defendant obtained work, paid the plaintiff $5 each week for the last three weeks in May and $37 in June. The plaintiff paid the food bills of the household with money furnished by her husband. The husband died in 1919. The action was brought on January 11, 1922. The defendant testified that he gave the plaintiff a money order for $40 in June, 1917, " to relieve her urgent need." The trial judge ordered a verdict for the defendant. *Held,* that

(1) It could not be said as a matter of law that the action was barred by the statute of limitations;

(2) The plaintiff, although a married woman, had full authority to make the alleged contract in the same manner as if she were sole, and all work and labor performed by her for other than her husband and children was presumed to be on her separate account, no express agreement on her part to the contrary appearing;

(3) The facts, that the husband owned the house and that the food, light, water, and household expenses were paid out of the allowance given by him to the plaintiff every week, and that the husband was willing that the defendant and his family should live under the same roof with him and his wife, while evidence for the jury tending to show that the plaintiff was acting not on her own behalf but as an agent for her husband, were not conclusive nor were they as a matter of law inconsistent with the contention that an express contract was made between the plaintiff and the defendant;

(4) The questions in issue should have been submitted to the jury, and the ordering of a verdict for the defendant was error.

CONTRACT. Writ dated January 11, 1922.

The declaration as amended was in a single count reading as follows: " And the plaintiff says that in consideration that the plaintiff at the request of the defendant had furnished the defendant, his wife and his three children with board and lodging at the house of the plaintiff at Kendrick Road, Wakefield, Massachusetts, from October 15, 1915, to May 30, 1916, the defendant promised the plaintiff to pay her so much money as she reasonably deserved therefor on demand. Yet though requested, the defendant has never paid any sum or sums to the plaintiff, except the sum of Fifty-two ($52.00) Dollars, but has refused and still refuses so to do, all to her great damage." The answer contained a general denial and an allegation of payment and set up the statute of limitations.

The action was tried in the Superior Court before *Macleod,* J. Material evidence is described in the opinion.

The proceedings with relation to the suggestion of the trial judge as to an amendment of the declaration at the close of the evidence are described in the opinion. A motion by the defendant that a verdict be ordered in his favor was allowed. The plaintiff alleged exceptions.

The case was submitted on briefs.

*D. P. Ranney,* for the plaintiff.

*G. W. Cox, J. F. Bacon & W. P. Kelley,* for the defendant.

PIERCE, J. In this case the declaration sets out a cause of action in assumpsit, in a form which was used in this Commonwealth before the practice act was adopted in 1852, and is one which may now be used if the pleader elects to do so. See American Precedents of Declarations (1821), 126. See *Raymond* v. *Eldridge,* 111 Mass. 390. The answer of the defendant is a general denial, a plea of payment, and the statute of limitations.

At the close of the evidence the judge, in response to a motion by the defendant that on all the evidence a verdict be directed for him, ruled as follows: " I am going to grant the motion to direct a verdict for the defendant on both counts — the first count now is waived, I understand. With reference to this motion the court suggests to counsel for the plaintiff that he will be permitted to amend his declaration by including a count for work and labor performed by the plaintiff for the defendant, and unless such an amendment is made at this time the court will direct a verdict for the defendant." The plaintiff declined to amend " her declaration according to the suggestion of the court " and duly excepted to the allowance of the defendant's motion for a verdict.

The facts which the jury would be warranted in finding in support of the declaration in substance are as follows: The plaintiff is a sister of the defendant. In the year 1915, she resided with her husband and two children in a partly finished five-room house, owned by her husband, on Kendrick Road, Greenwood, Massachusetts. On a Sunday in October, 1915, the defendant came to the house, said that he was out of employment, and asked the plaintiff in the presence of her husband if he could bring his family to stay with her until

he received work; and that when he got work he would pay her for whatever he would owe her. The plaintiff consulted her husband and, later the same day, said she would take the defendant and his family. The defendant and his family, consisting of his wife and three children, came to the house of the plaintiff on October 21 or 22, 1915, and stayed there continuously until May 30, 1916. They occupied two out of three bedrooms and shared the rest of the house in common with the plaintiff and her family. The defendant went to work January 11, 1916. He paid the plaintiff $5 each week for the last three weeks of May, 1916. He also paid her in June, 1916, $37, which could have been found to have been paid on account of his indebtedness to her. The plaintiff paid the food bills with money furnished by her husband, who died in 1919.

It was the contention of the defendant that he never made any contract to pay money to the plaintiff for board; that he did not have any conversation with the plaintiff and her husband; that he paid the husband as he had agreed one half of what he earned; that he went to his sister's house in October, 1914, and left on Decoration Day, 1915; that the money he gave his sister he gave in a money order for about $40, in June, 1917, to relieve her urgent need of money, and not to pay any debt of his to her.

He further testified that he knew he left the house of the plaintiff in 1915, because he took out a policy August 29, 1915, in the Metropolitan Life Insurance Company and the address of that policy is 20 Park Street, Wakefield. He then offered in evidence a policy of insurance in the Metropolitan Life Insurance Company, signed by James W. Craig, for the purpose of corroborating his testimony as to where he was living at that time. Subject to the exception by the plaintiff, the policy was admitted in evidence. This exception must be sustained. The policy with its indorsement had no material evidentiary value in the proof of the disputed question of the place of the defendant's residence in 1915, and was otherwise objectionable as a self-serving declaration. *Sargent* v. *Lord*, 232 Mass. 585, and cases cited.

The writ in this action was dated January 11, 1922, which was within six years after the defendant went to work on

January 11, 1916, and consequently within six years after the plaintiff's cause of action accrued. *Seward* v. *Hayden,* 150 Mass. 158. At any rate, it was within six years of the payment in June, 1917, which might have been found to have been made on account.

The direction of a verdict for the defendant because in substance the allegations of the declaration are not supported by the proof was error. A married woman when the contract was made with the defendant and performed by the plaintiff had full authority in law to make contracts, oral and written, in the same manner as if she were sole, and all work and labor performed by her for other than her husband and children was, unless there is an express agreement on her part to the contrary, presumed to be on her separate account. St. 1874, c. 184, § 1, now G. L. c. 209, §§ 2, 4. The fact that the husband owned the house and that the food, light, water and interest were paid out of the allowance the plaintiff had every week from him, and that he furnished money to pay for all these things and was willing that the defendant and his family should live under the roof with " him and me," were evidence of the agency of the plaintiff for the consideration of the jury, but were not conclusive or as matter of law inconsistent with the claim of an express contract between the plaintiff and defendant. *Harmon* v. *Old Colony Railroad,* 165 Mass. 100.

It results that the entry must be

*Exceptions sustained.*