WILLIAM J. WOLFSON, Appellant, *v.* SYRACUSE NEWSPAPERS, INC., Respondent.

Fourth Department, May 18, 1938.

*Bernard L. Seligman* [*Benjamin H. Eicoff* of counsel], for the appellant.

*Benjamin E. Shove*, for the respondent.

LEWIS, J. The amended complaint in a newspaper libel action has been dismissed on the ground that plaintiff's cause of action did not accrue within the time limited by law for the commencement of the suit. (Rules Civ. Prac. rule 107, subd. 6.)

Concededly the Statute of Limitations has barred plaintiff's cause of action upon defendant's original publication of the alleged libel. The question is whether plaintiff's pleading is sufficient to establish a republication thereof and thus escape the bar of the statute.

It is alleged that in the single issue of defendant's newspaper published on December 16, 1935, there appeared a news article and editorial by which plaintiff was defamed. If we assume that these articles then constituted actionable libel, plaintiff's right of action expired on April 8, 1937. (Civ. Prac. Act, § 51, subd. 3, as amd. by Laws of 1936, chap. 327, effective April 8, 1936.)

In an apparent effort to escape the bar of the Statute of Limitations plaintiff alleges in his amended complaint that between December 16, 1935, when the alleged libels were published, and May 7, 1937, when this action was commenced, the defendant maintained in connection with its main office a library where " the libelous news matter complained of " was made available to the general public. This allegation is amplified by an affidavit, filed by plaintiff in opposition to defendant's motion for dismissal of the amended complaint, from which it appears that on an occasion in March, 1937, a third party asked and received from defendant the privilege of examining in defendant's office bound volumes of its prior issues, then more than a year old, at which time and place he read the alleged defamatory articles contained in the issue of December 16, 1935.

We cannot accept plaintiff's argument that by thus according to the public the privilege of examining bound copies of its prior issues, including that of December 16, 1935, the defendant republished the alleged libels which had appeared in the single edition of that date. Rather does defendant's conduct impress us as passive in character, with nothing to indicate a conscious intent to induce the public or any individual to read the alleged libels. It was at most a gratuitous courtesy which, in the instance cited by the plaintiff, was extended only after a third party had made a request therefor. (Cf. Seelman on the Law of Libel and Slander, p. 120, § 130.)

The number of separate publications of the alleged libels and the causes of action arising therefrom in plaintiff's favor were not gauged by the number of copies of the single edition in which the articles appeared and which defendant circulated by sale or otherwise. " In the publication of a defamatory article in a newspaper publicly circulated there is but one publication, and that at the place where the newspaper is published." (*Fried, Mendelson & Co.* v. *Halstead, Ltd.,* 203 App. Div. 113, 115; *United States* v. *Smith,* 173 Fed. 227.) If plaintiff had commenced his action before the Statute of Limitations had expired, the fact that copies of the single edition which contained the alleged libels were filed and preserved for public and private record, as a matter of common business practice, and in public libraries for purposes of reference and historical data, would have been competent elements of damage by which the extent of plaintiff's injury might have been measured. " What gives the sting to the writing is its permanence of form. The spoken word dissolves, but the written one abides and ' perpetuates the scandal.' " (*Ostrowe* v. *Lee,* 256 N. Y. 36, 39. See, also, *Gressman* v. *Morning Journal Assn.,* 197 id. 474, 480; *Goodrow* v. *New York Times Co.,* 241 App. Div. 190, 192; affd., 266 N. Y. 531.

Cf. Seelman, *supra*, p. 118, § 128; Newell on Slander and Libel [4th ed.], p. 849, § 764.)

If the bar of the Statute of Limitations can be lifted by means such as plaintiff now seeks to employ, we may no longer term it a " statute of repose " which makes effective a purpose which the Legislature has conceived to be imperative — to outlaw stale claims. (*Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287, 302. Cf. 1 Wood on Limitations [4th ed.], p. 7, § 4.)    The rule for which the plaintiff contends would not only permit libel actions against news publishers without limitation as to time but its scope would extend beyond the field of journalism.    For example, if plaintiff's position is correct in law it must follow that, although a book may have had but one publication twenty years ago, if the publisher continues to make unsold copies of the single publication available to the public today, by sale or otherwise, such conduct amounts to a republication of any libel which the book contains and thereby becomes actionable.    Believing that such a rule would nullify the clear purpose of the Statute of Limitations, we affirm the order dismissing the amended complaint and the judgment entered thereupon, with costs.

All concur, except SEARS, P. J., and TAYLOR, J., who dissent and vote for reversal in an opinion by TAYLOR, J.    Present — SEARS, P. J., CROSBY, LEWIS, TAYLOR and DOWLING, JJ.

TAYLOR, J. (dissenting).   This action was commenced on May 7, 1937.   Plaintiff's amended complaint sets forth a news article and an editorial of an alleged defamatory nature which are charged to have been published of and concerning plaintiff in the December 16, 1935, edition of the defendant's daily newspaper and which are alleged to have been continuously published by defendant up to the time of the commencement of this action; it is further alleged that the defendant has maintained, in connection with its newspaper business, a reading room open to the general public wherein the libelous matter has been made available to the public and has been read therein by various persons.

Defendant moved to dismiss the amended complaint upon the ground that the causes of action, therein alleged, were barred by the Statute of Limitations.   In opposition to the motion, plaintiff submitted the affidavit of a third person which recited, in substance, that the affiant, between March 11 and 24, 1937, read the alleged libels in a bound volume of defendant's newspapers which defendant made available to him in its reading room.   The Special Term dismissed the amended complaint and ruled that, it being the normal custom of publishers of newspapers to preserve a copy of each edition and to permit any one access thereto upon request, libelous matter

read under such circumstances was not newly or separately published because the owner of the newspaper had not taken any affirmative action to bring the libels to the attention of the reader.

I am unable to agree with this determination. The custom of publishers of newspapers is wholly immaterial to the question of publication, and permission to read its files which contained the libels was an affirmative act by which the defamatory matter was communicated to the reader. That defendant, the composer of the defamatory matter, did not intend or expect that it would be read on the particular occasion is also immaterial on the question of publication. The law is well settled:

That a libel is published when it is read by any one but the one defamed (*Kennedy* v. *Butler, Inc.*, 245 N. Y. 204; *Ostrowe* v. *Lee*, 256 id. 36; *Duke of Brunswick* v. *Harmer*, 14 Q. B. [Adol. & Ell., N. S.] 185);

That, unless occasioned by the wrongful act of a third person, an accidental or inadvertent communication is a publication of a libel if the communication resulted from any act or default on the part of the writer (Odgers on Libel and Slander [6th ed.], p. 137, and cases there cited); and

That each publication of the libel is a wrong which gives rise to a separate cause of action (*Woods* v. *Pangburn*, 75 N. Y. 495; *Cook* v. *Conners*, 215 id. 175).

It is my opinion that the application of these rules to the allegations of the amended complaint requires the conclusion that if the defendant, having preserved the libels in its files, permitted its files to be read and as a consequence the libels were read, such reading constituted publication, thus giving rise to a cause of action separate and distinct from the cause of action arising from the circulation of defendant's newspaper on December 16, 1935. While it is to be conceded that the causes of action, based upon the December 16, 1935, publication, are barred by the Statute of Limitations, the alleged causes of action, based on the March, 1937, publication of the news article and editorial, arose within the year preceding the commencement of the action. (Civ. Prac. Act, § 51.) The amended complaint, therefore, should not have been dismissed.

The judgment should be reversed and the order modified by providing that the causes of action, based upon the December 16, 1935, publication, be dismissed and that plaintiff serve a further amended complaint alleging only the cause of action based upon the March, 1937, publication.

SEARS, P. J., concurs.

Judgment affirmed, with costs.