## MEANS v. MacFADDEN PUBLICATIONS, Inc., et al.

District Court, S. D. New York.
Jan. 12, 1939.

994

Hastings & Aranow, of New York City (Sydney A. Hellenbrand, of New York City, of counsel), for plaintiff.

Mayer C. Goldman, of New York City (Mayer C. Goldman and Herbert M. Karp, both of New York City, of counsel), for defendant MacFadden Publications, Inc.

CONGER, District Judge.

This is an action for libel. The defendant MacFadden Publications, Inc., was served with the summons and complaint herein on April 25, 1938. The defendant May Dixon Thacker has not been served with process in this action.

The defendant MacFadden Publications, Inc., has answered, and issue between the plaintiff and that defendant has been joined.

The amended complaint contains nine separate and distinct causes of action, alleging nine different publications in the magazine "Liberty", which the plaintiff contends are libelous as to her. In each cause of action she asks for damages in the sum of $25,000.

This motion on the part of the defendant is addressed to the first three causes of action and is a motion under Rule 56 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S. C.A. following section 723c, for judgment, dismissing the said first three causes of action on the ground that they are barred by the Statute of Limitations as contained in the Civil Practice Act of the State of New York (Sec. 51, Subd. 3).

This defense is set forth in the answer to the amended complaint as follows: "30.

* * * That said First, Second and Third Causes of Action, did not accrue within one year next preceding the commencement of this action."

In the amended complaint the plaintiff claims the libels were published by the defendant as follows:

First cause of action—on or about April 17, 1937.

Second cause of action—on or about April 24, 1937.

Third cause of action—on or about May 1, 1937.

The defendant, however, contends and by way of affidavit has shown by its sales manager, the manager of its traffic department and the manager of a large distributor of magazines in and about New York City, that the said "Liberty" magazine is not published, circulated and placed on public sale on the date set forth on the magazine, but at least ten days earlier. So that the issue of "Liberty" magazine dated April 17, 1937 (First cause of action), was actually published, circulated and placed on public sale on April 7, 1937; the issue of "Liberty" dated April 24, 1937 (Second cause of action), was published, circulated and placed on public sale on April 14, 1937; the issue of "Liberty" dated May 1, 1937 (Third cause of action), was published, circulated and placed on public sale on April 21, 1937.

The plaintiff has not denied the facts set forth in the said affidavits. The plaintiff, in alleging publication of the alleged libelous articles, apparently relies upon the dates printed on each issue (Paragraphs "Eighth", "Twelfth" and "Sixteenth"), but these are not the true dates of the publications as is shown by said affidavits.

Giving the said affidavits the faith and credit they are entitled to under Section 56 of the Rules, it is apparent that as to causes of action First, Second and Third, the Statute had tolled and said causes of action are barred by the Statute of Limitations, because "they did not accrue within one year next preceding the commencement of this action."

The plaintiff contends that the magazines remained on the newsstands for a much longer period than the dates of publication claimed by the defendant and that each new sale constitutes a new publication. And the plaintiff claims a republication, circulation and selling on January 10, 1938 (Paragraphs "Ninth", "Thirteenth" and

"Seventeenth"), See affidavit of James B. Wigdor.

In the opinion of the Court, this does not constitute a republication of the alleged libelous articles.

The contention of the plaintiff cannot be correct. If her contention is correct, the Statute of Limitations would never toll; certainly never as long as there was in existence, an issue of these magazines which was capable of being passed about or sold.

In the interpretation of Statutes, the spirit and purpose of the Act and objects to be accomplished, must be considered. People v. Ryan, 274 N.Y. 149, 8 N.E.2d 313.

The Statute of Limitations is a statute of repose. If the contention of the plaintiff is correct, the very purpose of the Statute would be defeated.

There was no republication of the alleged libelous articles on January 10, 1938. That was nothing more or less than a purchase of old copies of this magazine, which had been published, circulated and put on the newsstands for sale and circulation on the dates set forth in the affidavits herein, to wit, April 7th, April 14th and April 21st, at which times the harm done to plaintiff, if any, was inflicted.

Had this defendant, on January 10, 1938, issued or caused to be issued, another edition of the magazine, and re-issued, re-printed and re-circulated the articles in issue, then the result would have been different.

The case of Wolfson v. Syracuse Newspapers, Inc., 254 App.Div. 211, 4 N.Y.S.2d 640, and recently affirmed in the Court of Appeals, 18 N.E.2d 676, is well in point. The same principle involved in this case is there passed upon. The Court there stated with clearness and precision, the following which is applicable to the issue here [page 642]: "If the bar of the statute of limitations can be lifted by means such as plaintiff now seeks to employ, we may no longer

term it a 'statute of repose' which makes effective a purpose which the Legislature has conceived to be imperative—to outlaw stale claims. [See cases cited.] The rule for which the plaintiff contends would not only permit libel actions against news publishers without limitation as to time but its scope would extend beyond the field of journalism. For example, if plaintiff's position is correct in law it must follow that, although a book may have had but one publication 20 years ago, if the publisher continues to make unsold copies of the single publication available to the public to-day, by sale or otherwise, such conduct amounts to a republication of any libel which the book contains and thereby becomes actionable. Believing that such a rule would nullify the clear purpose of the statute of limitations, we affirm the order dismissing the amended complaint * * *."

The conclusion of this Court is that the First, Second and Third causes of action are barred by the Statute of Limitations (Civil Practice Act of the State of New York, Sec. 51, Subd. 3).

The plaintiff further contends that each of the nine articles are a part of a serial story and that each prior article is republished by the subsequent ones. The Court cannot hold with this contention.

Each article is set forth separately in each cause of action. There being nine articles in nine different issues of the magazine, the complaint sets forth nine different causes of action, one cause of action for each article.

At the end of each cause of action, and by reason of the facts set forth in that cause of action, damages are asked ($25,-000).

Each cause of action must stand by itself. As pleaded, each is a "separate and distinct cause of action".

Motion of defendant MacFadden Publications, Inc., to dismiss the First, Second and Third causes of action is granted. Settle order on notice.