## CANNON v. TIME, Inc.

District Court, S. D. New York.

Oct. 17, 1939.

Arthur L. Obre, of New York City (Robert R. Bauman, of New York City, of counsel), for plaintiff.

Cravath, de Gersdorff, Swaine & Wood, of New York City (John F. Harding and Harold R. Medina, Jr., both of New York City, of counsel), for defendant.

GODDARD, District Judge.

This is a motion by the defendant for summary judgment dismissing the complaint on the ground that plaintiff's cause of action is barred by the one year statute of limitations set forth in the New York Civil Practice Act, § 51, subd. 3.

The suit is brought by Bishop James Cannon, Jr., of Virginia, against Time, Inc., a New York corporation, publisher of the magazine "Life", to recover damages asserted to have been sustained by him as a result of an alleged libel which appeared in the issue of "Life" dated May 16, 1938. The complaint was filed and the summons issued on May 15, 1939. Service was made four days later on May 19th.

It appears from the affidavit submitted by the defendant that in accordance with its usual custom, the magazine "Life" was sent out to subscribers four days in advance of the day which it was dated and was distributed to the newsstands for public sale at least three days in advance of the day it was dated.

The publisher of "Life" is the defendant, Time, Inc., a New York corporation, which composes and edits the magazine in New York and forwards the proof to the printing firm of R. R. Donnelley & Sons, Chicago. The proof reading and distribution of the magazine is taken care of by Time, Inc., a Delaware corporation, not a party to this action. The final proof of the issue dated as of May 16th was delivered to the printer on May 8th.

"Life" is distributed to the general public in two ways: One—by mailing to the subscriber, which is done directly by the printer, and this mailing was begun on May 9th and completed so that the issue, except in remote sections, was in the hands of the subscribers on the Friday preceding the date on the publication, namely—on May 13th. The second method of distribution was by way of newsstands. The larger portion of this May 16th issue was sold to the American News Company and under their direction, their copies were shipped by truck or express to their various branches. Other copies were sold to various independent distributors of the magazine throughout the country, but the deliveries to the American News Company and to the independent distributors were made so as to have the issue in their hands not later than May 13th and were sent out beginning May 9th and continuing until 2 A. M. on May 13th. However, some miscellaneous copies of this May 16th issue of "Life" were sent after their date. These consisted of replacement copies for subscribers who reported that they had either not received their copy or that it had been received in damaged condition, and where new subscriptions were received within a few days of May 13th, copies of the May 16th issue were sent to the new subscribers; and there were requests for back number copies of the May 16th issue, which were supplied. These were part of the original edition or printing. The defendant admits that the issue of May 16th may have remained on some of the newsstands for sale until May 19th, but states that all these were part of the number sold and delivered to the newsdealers on or before May 13th.

The question has been raised as to whether the running of the Statute is begun by the filing of the complaint or by the service of the summons. However, it is not necessary to consider this, for assuming the date most favorable to the plaintiff, May 15, 1939—when the complaint was filed, the period of limitation had already run so that the suit was barred by the Statute of Limitations. The original publication by the defendant of this issue of the magazine "Life" occurred not later than May 13, 1938.

" 'In the publication of a defamatory article in a newspaper publicly circulated there is but one publication, and that at the place where the newspaper is published.' Fried, Mendelson & Co. v. Halstead, Ltd., 203 App.Div. 113, 115, 196 N.Y.S. 285, 287; United States v. Smith, D.C., 173 F. 227". Wolfson v. Syracuse Newspapers, Inc., 254 App.Div. 211, 4 N.Y.S.2d 640, 642, affirmed 279 N.Y. 716, 18 N.E.2d 676. See also Ostrowe v. Lee, 256 N.Y. 36, 175 N.E. 505.

The decisions in Means v. MacFadden Publications, D.C., 25 F.Supp. 993, and Wolfson v. Syracuse Newspapers, Inc., 254 App.Div. 211, 4 N.Y.S.2d 640, affirmed 279 N.Y. 716, 18 N.E.2d 676; Prout v. Real Detective Publishing Co., Inc., Sup.Ct.N.Y.County, Rosenman, J.,[1] are applicable and hold that in a situation such as presented in the case at bar, the statute be-

[1] No opinion for publication.

gins to run from the date of the original publication, and as this was not later than May 13, 1938, defendant's motion for summary judgment will be granted.