## BACKUS v. LOOK, Inc.

## MANION v. SAME.

District Court, S. D. New York.

April 4, 1941.

James D. C. Murray, of New York City (Irving Greenberg, of New York City, of counsel), for plaintiffs.

Cravath, de Gersdorff, Swaine & Wood, of New York City (John F. Harding and William E. Speeler, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Defendant Look, Inc., moves by way of companion motions for summary judgment dismissing both complaints in the above entitled actions pursuant to Rule 56 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that plaintiffs' actions are barred by the one year statute of limitations of the State of New York, N.Y.Civil Practice Act, § 51(3).

Inasmuch as both these motions present the identical question of law they will be considered together herein.

Both actions are brought against Look, Inc., an Iowa corporation, publisher of the magazine Look, for an alleged libel appearing in the issue of Look dated as of December 19, 1939. The complaint in the Manion action, supra, was filed December 6, 1940, and the Backus complaint was filed on December 5, 1940. The respective actions were commenced on the dates the complaints were filed. Rule 3, F.R.C.P. Service of the summons and complaint in both actions was made on December 16, 1940.

The defendant Look, Inc., contends that the publication of the alleged libel herein was made more than one year prior to the filing of the complaints herein.

From the uncontradicted statements contained in the affidavits submitted in support of these motions, it appears that the entire content of the issue of Look dated December 19, 1939, was transmitted by defendant to Alco Gravure, an independent printing concern in Chicago, Illinois, on or prior to November 16, 1939. The printing of said issue by Alco Gravure was completed during the period from November 20 to December 1, 1939. It is the custom of Look, Inc., to distribute the completed magazine by having Alco Gravure, and its subsidiary Franklin Bindery, ship or mail the finished product to subscribers and independent distributors. All such mailings

or deliveries were completed by Alco Gravure on December 4, 1939. Thus, the issue of Look magazine dated December 19, 1939, was placed on public sale by independent distributors, newsdealers and chain stores on December 5, 1939 (the release date), and was received by subscribers on or before that date.

The issue of the magazine complained of was never reprinted, published or released by the defendant but several miscellaneous copies were mailed out later to replace copies lost or damaged in distribution, or in response to requests for the purchase of single copies. This did not constitute a republication. Means v. Mac-Fadden Publications, D.C., 25 F.Supp. 993. It is also conceded that copies of this issue remained on public sale from December 5, 1939, to approximately December 19, 1939.

The moving affidavits show that on or before December 4, 1939, all copies of the magazine Look, dated December 19, 1939, had been mailed to subscribers and all copies sold to wholesale distributors had been placed on common carriers for shipment. Under the authorities this would constitute a publication of the libel. People v. Bihler, 154 App.Div. 618, 139 N.Y.S. 819; United States v. Smith, D.C., 173 F. 227.

In Wolfson v. Syracuse Newspapers, Inc., 254 App.Div. 211, at page 212, 4 N.Y.S.2d 640, at page 642, affirmed, 279 N.Y. 716, 18 N.E.2d 676, the court quoted the following: "'In the publication of a defamatory article in a newspaper publicly circulated there is but one publication, and that at the place where the newspaper is published.' Fried, Mendelson & Co. v. Halstead, Ltd., 203 App.Div. 113, 115, 196 N.Y.S. 285, 287, * * *." See, also, Prout v. Real Detective Pub. Co., decision by Justice Rosenman.[1]

I conclude that a cause of action arose in favor of plaintiffs herein on or before December 4, 1939, and no suit having been instituted until December 5, 1940, any claims for the alleged libel have been extinguished by the applicable statute of limitations. Sec. 51(3) of N.Y.Civil Practice Act, Cannon v. Time, D.C.S.D.N.Y., 39 F.Supp. 660, Goddard, J.; Means v. MacFadden Publications, Inc., supra.

The motions of defendant for summary judgment are accordingly granted and the complaints in the above entitled actions are dismissed.

Settle orders on notice.

---

[1] No opinion for publication.