## McGLUE v. WEEKLY PUBLICATIONS, Inc.
### Civil Action No. 3618.

District Court, D. Massachusetts.

Jan. 8, 1946.

Albert West, of Boston, Mass., for plaintiff.

J.N. Welch and Hale & Dorr, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is a motion for summary judgment filed by the defendant under the Federal Rules of Civil Procedure, rule 56, 28 U.S. C.A. following section 723c, on the ground that the plaintiff's cause of action is barred by the statute of limitations. The action is for libel and was commenced in the Suffolk Superior Court in·the Commonwealth of Massachusetts by a writ dated January 22, 1945. Defendant removed the case to this court because of diversity of citizenship.

The pleadings and affidavits in support of the motion reveal that the alleged libel appeared in the issue of Newsweek magazine, which is published by the defendant, dated January 24, 1944. On January 17, 1944, the final pages of this issue went to press at the McCall Corporation in Dayton, Ohio, the printers of Newsweek. On January 18, 1944, copies for subscribers and newsstands in Massachusetts were delivered to the Post Office and Railway Express Agency in Dayton. On January 19, 1944, all copies for the general public throughout the country had been delivered for shipment by the end of the day. On January 20, 1944, copies appeared on newsstands throughout Massachusetts and were available to the general reading public. Some miscellaneous copies, estimated at less than 100, were mailed out subsequently from the defendant's office in New York City by way of replacement, new subscribers, or back numbers.

The Massachusetts Statute of Limitations for libel requires the action to be commenced "within one year next after the cause of action accrues." Gen.Laws Mass. (Ter.Ed.) c. 260, § 4. For purposes of computation the expiration of the period of limitation for libel actions occurs on the anniversary of the day on which the cause of action accrued. Seward v. Hayden, 150 Mass. 158, 22 N.E. 629, 5 L.R.A. 844, 15 Am.St.Rep. 183; Krupp v. Craig, 247 Mass. 273, 277, 142 N.E. 69.

Without conceding the correctness of plaintiff's contentions, on the construction of the facts most favorable to him, the Massachusetts cause of action did not accrue until a publication occurred within the territorial limits of the Commonwealth on or before January 20, 1944. It is evident that a writ dated January 22, 1945, falls without the terms of the statute. The authorities are clear that neither the continued sale of copies of the same publication, nor the sending out of additional copies by way of replacement, new subscribers or back numbers will prevent the operation of the period of limitation from the time of the original publication. Means v. MacFadden Publications, D.C. 25 F.

Supp. 993; Cannon v. Time, D.C. 39 F. Supp. 660. See also Bigelow v. Sprague, 140 Mass. 425, 427, 5 N.E. 144.

The plaintiff maintains that the date placed by the defendant on the cover of the magazine should be controlling on the question of the running of the statute. I am unable to agree. The "publication" of an alleged libel is a technical concept involving an issue of historical fact on which uncontroverted affidavits have been presented. It bears no relationship to an arbitrary date, the selection of which is within the control of the publisher.

The defendant's motion for summary judgment is granted.