## POLCHLOPEK v. AMERICAN NEWS CO., Inc.
### Civil Action No. 6239.

District Court, D. Massachusetts.
July 23, 1947.

Thomas F. Linnehan, of Springfield, Mass., for plaintiff.

Donald M. Macauley, of Springfield, Mass., for defendant.

HEALEY, District Judge.

Defendant filed this motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c based on the ground that the plaintiff's cause of action is barred by the Massachusetts Statute of Limitations as it applies to actions for libel.

Plaintiff's action for libel was begun in the Superior Court for Hampden County, Massachusetts, by a writ dated October 4, 1946, which was served on the defendant's agent and assistant manager at Springfield, Massachusetts, on November 8, 1946. The case was removed to this court by the defendant on the ground of diversity of citizenship.

It appears from the plaintiff's declaration and from the bill of particulars subsequently filed by him, that his cause of action is based upon an allegedly libelous article that appeared in an issue of "Front Page Detective" bearing the date of October 1945, which magazine was distributed in western Massachusetts by the defendant, its agents and servants.

The defendant set up in its answer the defense of the Massachusetts Statute of Limitations as it applies to actions for libel.

From the pleadings and affidavits in support of the defendant's motion, it appears that the October 1945 issue of "Front Page Detective" containing the allegedly libelous article was first published and distributed in western Massachusetts by the defendant on September 25, 1945, through the Springfield News Company, and on the same day it was placed on sale to the public at newsstands in Springfield and Chicopee, Massachusetts. Although allowed additional time by the court, the plaintiff has failed to file counter-affidavits to refute these facts.

### Conclusions of Law

The Massachusetts Statute of Limitations applicable to actions for libel is as follows:

"And actions for libel * * * shall be commenced only within one year next after the cause of action accrues." Massachusetts General Laws (Ter.Ed.) c. 260, § 4, as amended.

The plaintiff's cause of action accrued on September 25, 1945, with the publication of the magazine and its distribution in western Massachusetts. Cannon v. Time, Inc., D.C., 39 F.Supp. 660.

The statute of limitations, therefore, became a bar to any action based on the alleged libel after September 25, 1946, "the anniversary of the day on which the cause of action accrued." McGlue v. Weekly Publications, Inc., D.C., 63 F.Supp. 744.

That copies of the magazine containing the alleged libel remained on sale at the newsstands for some time after September 25, 1945, or that other copies were subsequently sold to new subscribers or as back numbers, did not prevent the operation of the statute from that date. Means v. MacFadden Publications et al., D.C., 25 F.Supp. 993; McGlue v. Weekly Publications, Inc., supra; Cannon v. Time, Inc., supra.

The defendant's motion for summary judgment is granted.