Samuel D. Johnson, J.
Plaintiff instituted this action to recover damages resulting from an alleged fraud practiced by the defendant in the sale of an automobile by him to the plaintiff. The defendant in his answer alleges a general denial and sets forth as a special defense, the Statute of Limitations.
The evidence establishes the following facts: On April 22, 1949 plaintiff bought a motor vehicle from the defendant paying him therefor the sum of $1,400. On May 17, 1949 said motor vehicle was seized by the Police Department, as a stolen car. On May 18, 1949 the defendant was arrested charged with the larceny of said motor vehicle and was ultimately convicted on September 21, 1949 and sentenced to a stated term at Wallkill Prison in the State of New York and released on December 22, 1952. Thereafter, and on June 3, 1949, plaintiff instituted an action in replevin against the property clerk of the Police Department and Sharpe Juster Motors, Inc. The defendant Sharpe Motors in that action interposed an answer in which it claimed ownership of said motor vehicle. The action came on for trial resulting in a verdict on February 27, 1950 in favor of the defendant Sharpe. Judgment thereon was entered on March 31,1950.
The present action was started by the service of a summons and oral complaint herein on February 26, 1956. The sole issue in this action is to determine when the Statute of Limitations began running against plaintiff’s claim. Plaintiff urges (1) that the statute was tolled during defendant’s incarceration in the State prison; and (2) that in any event, the statute began running after the entry of judgment in the replevin action, to wit on March 31,1950. Since the trial, however, plaintiff has conceded in his memorandum, that the statute was not tolled during defendant’s stay in said penal institution. In any event, I should hold that the statute was not tolled during defendant’s incarceration. 1 am also constrained to disagree with the *839 plaintiff that the Statute of Limitations began running at the time of the entry of judgment in his replevin action. To adopt plaintiff’s reasoning would in effect suspend the operation of the statute to such time when he might have expended every endeavor by suit or otherwise until it was conclusively determined that he had no title to the vehicle in question. I have failed to find any authority to support any such contention and the cases cited by the plaintiff in his brief have not changed my view; they have no application to the facts herein. In Sielcken-Schwarz v. American Factors, Ltd. (265 N. Y. 239, motion for reargument denied 265 N. Y. 514) the court said (pp. 245-246): ‘ ‘ Where there is knowledge of the fact sufficient ‘ to suggest to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises ’ and may thus start the running of the statute.” In Ectore Realty Co. v. Manufacturers Trust Co. (250 App. Div. 314) the court said (pp. 317-318): “ The right to sue accrued when ‘ he [plaintiff] knew or should have known of the fraud. ’ (Dumbadze v. Lignante, 244 N. Y. 1, 9.) Under settled principles of law when facts are known from which the inference of fraud flows, there is a discovery of the facts constituting the fraud within the terms of the statute. From the time of such discovery, the statute begins to run. [Cases cited.] ”
As heretofore indicated, the plaintiff’s car was seized by the Police Department on May 17, 1949; defendant was arrested May 18, 1949 and convicted September 21, 1949. Section 48 of the Civil Practice Act provides that an action based on fraud must be commenced within six years from “ the discovery by the plaintiff * * * of the facts constituting the fraud.” Plaintiff certainly had such information within the purview of the statute to suggest the probability that he had been defrauded. In any event, on September 21, 1949, when the defendant was convicted, the statute began running. In fact, I am of the opinion that the statute began running upon the seizure of the chattel and the arrest of the defendant charged with larceny thereof. It was then that the plaintiff had sufficient information to put him on his guard. The present action, however, was instituted by service of the summons on February 26, 1956, more than six years after the discovery of the alleged fraud. Plaintiff urges that adopting the reasoning heretofore indicated would be shocking in morals and in common sense and result in aiding a tort-feasor benefiting by his own wrong. While I sympathize with the plaintiff’s plight, courts may not exercise discretion in this type of case and disregard the plain mandate of the statute. In Arnold v. Mayal Realty Co. (299 N. Y. 57) *840 the court said at page 60: “ A Statute of Limitations is not open to discretionary change by the courts, no matter how compelling the circumstances (Gregoire v. Putnam’s Sons, 298 N. Y. 119) and when given its intended effect such a statute is one of repose, and experience has shown that ' occasional hardship is outweighed by the advantages of outlawing stale claims.’ (Schmidt v. Merchants Desp. Transp. Co., 270 N. Y. 287, 302; Jackson ex. dem. Bleecker v. Wiseburn, 5 Wend. 136; Wait v. Van Allen, 22 N. Y. 319; People ex rel. Northchester Corp. v. Miller, 288 N. Y. 163, 166.)” (Cf. Wolf son v. Syracuse Newspapers, 254 App. Div. 211, affd. 279 N. Y. 716, motion for reargument denied 280 N. Y. 572.)
I conclude therefore, that the defendant is entitled to judgment dismissing the plaintiff’s action on the merits and direct that judgment be entered accordingly in favor of said defendant.