John ZUCK, Plaintiff,

v.

Marjorie BAIR, Edward Purcell, Martin Goodman and Jean Goodman, Defendants.

John ZUCK, Plaintiff,

v.

INTERSTATE PUBLISHING CORPORATION, Defendant.

United States District Court
S. D. New York.
March 30, 1962.

Baker, Garber & Chazen, Hoboken, N. J., Bernard Chazen, Hoboken, N. J., and Jack Steinman, New York City, of counsel, for plaintiff.

Henry Edward Schultz, Michael E. Schultz, New York City, of counsel, for defendants.

SUGARMAN, District Judge.

On December 22, 1961 plaintiff John Zuck commenced two actions in this court, each based upon diversity of citizenship.

One, entitled John Zuck v. Interstate Publishing Corp. (61 Civ. 4572), claims that Interstate published and distributed a magazine known as "Movie World"; that in the March, 1961 issue there was an article, written by Edward Purcell, entitled "Is Sandra's Father Terrorizing Her?"; that the cover of that issue contained the legend "Exclusive! Is Sandra's Father Terrorizing Her?"; that

the article wilfully and maliciously defamed plaintiff; that Interstate refused to retract the article; all to the plaintiff's damage.

The other, entitled John Zuck v. Marjorie Bair, Edward Purcell, Martin Goodman and Jean Goodman (61 Civ. 4573), claims in the first count that defendant Marjorie Bair, as editor of "Movie World", directed the publication of the aforesaid article and cover; in the second count that defendant Edward Purcell wrote it; in the third count that defendants Martin Goodman and Jean Goodman, as the principal stockholders, officers and directors of Interstate, also directed its publication; all to the plaintiff's damage.

Five motions came on for argument on March 6, 1962.

The first is Motion No. 57, in 61 Civ. 4573 (Zuck v. Bair et al.), brought on by the plaintiff (A) for "judgment by default" for defendants' (1) failure to answer an interrogatory propounded to defendants by plaintiff and (2) refusal to proceed with depositions noticed, and (B) to consolidate this action with 61 Civ. 4572 (Zuck v. Interstate). The remaining four motions were brought on by the defendants in both actions and are No. 58 in 61 Civ. 4573, for summary judgment; No. 59 in 61 Civ. 4573, noticing defendants' objections to certain interrogatories propounded to them by plaintiff; No. 60 in 61 Civ. 4572, for summary judgment; and No. 61 in 61 Civ. 4572, noticing defendant's objections to certain interrogatories propounded to it by plaintiff.

Inasmuch as the determination of Motions No. 58 and 60 resolves these suits, Motions numbered 57, 59 and 61 become moot.

As to Motions No. 58 and 60, each seeks summary judgment pursuant to F. R.Civ.P. 56, 28 U.S.C.A. dismissing the appropriate complaint herein because each of the actions was not brought by the plaintiff within one year of the accrual of the claim.

**668**

■ Pursuant to General Rule 9(g) of this court, the defendants in each of these actions filed a statement of the material facts as to which the moving party contends there is no genuine issue to be tried. The plaintiff has filed no statement in either action setting forth the facts as to which he contends there exists a genuine issue to be tried. Accordingly, pursuant to said rule, all material facts set forth in the statements filed by the moving parties are deemed admitted. Said statements and the affidavits in support of the motions for summary judgment indicate that on or prior to December 15, 1960 all copies of the March, 1961 issue of "Movie World" were delivered by Art Color Printing Company, the printer of the magazine, at Dunellen, New Jersey, to the exclusive distributor thereof (Independent News Company) or carriers designated by it, for distribution to news dealers, to be placed on newsstands for sale on and after December 22, 1960.

■ In this diversity suit, the law of New York applies. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937). Under the "single publication" rule, as laid down in New York State in Gregoire v. G. P. Putnam's Sons et al., 298 N.Y. 119, 81 N.E.2d 45 (1948), the cause of action arose "when the finished product [was] released by the publisher for sale in accord with trade practice". Under Backus v. Look, Inc., 39 F.Supp. 662 (S.D.N.Y.1941), that date was when "all copies sold to wholesale distributors had been placed on common carriers for shipment", in this instance on or prior to December 15, 1960. Cf. Tocco v. Time, Inc., 195 F.Supp. 410 (E.D.Mich.1961).

Under the law of the forum (New York State—Civil Practice Act, § 51–a) and under the law of the state where the plaintiff resides and where the publication took place (New Jersey—N.J.S.A. 2A:14–3), the statute of limitations for a libel is one year. The actions herein were both commenced as aforesaid by the filing of the complaints herein on December 22, 1961, more than one year after the publication on or before December 15, 1960.

The defendants' motions in both actions, for summary judgments are granted.

Settle orders.