(148 App. Div. 230.)

### ROBINSON v. BATTLE et al.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. LIBEL AND SLANDER (§ 42*)—ANSWER—DEFENSES—TRUTH AS JUSTIFICATION.

Where a charge of libel is based upon furnishing for publication a statement as to a divorce suit that the judge had found that the plaintiff had treated his wife in a cruel and inhuman manner, and that, while the wife had given her husband some provocation, it was not sufficient to be a defense to the charges of the wife, a showing that the facts therein stated are substantially the same as findings of the court in the divorce trial and statements in the opinion of the court on appeal from the order entered therein, which decisions were attached to and made a part of the answer, renders such answer a sufficient defense.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 127–129; Dec. Dig. § 42.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LIBEL AND SLANDER (§ 42*)—PRIVILEGED COMMUNICATION.

   An answer defending on the ground that the statements made were a fair and true report of a judicial proceeding is also sufficient.

   [Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 42.*]

3. LIBEL AND SLANDER (§ 94*)—DEFENSES—PLEADING.

   While, in an action for libel, a defense of justification and truth would be rendered demurrable by an allegation that the words in question "were never published or circulated by the defendant," where the charge is only that the defendant prepared an interview with a view to its publication, the words quoted do not deny the offense charged and may be rejected as surplusage.

   [Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 94.*]

Appeal from Special Term, New York County.

Action by George L. Robinson against George Gordon Battle, impleaded with others. From an interlocutory judgment sustaining a demurrer to separate defenses in the answer, defendant Battle appeals. Reversed, and demurrer overruled.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

John Caldwell Myers, for appellant.
Philo P. Safford, for respondent.

DOWLING, J. The complaint herein is based upon the publication in a certain newspaper of an alleged libelous article affecting the plaintiff, which is charged to have been composed for publication in said newspaper by the defendant Battle and to have been furnished by him to the publisher thereof with the intent and for the purpose that the same should be published. In this article the defendant Battle, who had been counsel for plaintiff's wife in a case for separation brought by her against the plaintiff herein, was claimed to have said:

"Judge Crane found that Mr. Robinson had treated his wife in a cruel and inhuman manner. He also found that she had given him some provocation and she had on some occasions retaliated. Judge Crane, however, did not find that this provocation was enough to constitute a defense to Mrs. Robinson's charges. He held that under the circumstances he would not issue a decree of separation."

This article followed a trial of a separation suit before Mr. Justice Crane in the Supreme Court, Kings County, and it is for the statements therein contained that defendant is sought to be held liable. By his second and separate answer and defense, the defendant sought to plead justification and the truth of the matter complained of. He included and made part of said defense the findings of fact and conclusions of law made by Mr. Justice Crane upon the trial of the separation action. For his third separate defense defendant pleaded privilege, in that the statement complained of was a fair and true report of a judicial proceeding and that the defendant was not actuated by malice in furnishing the matter to the paper. From the decision annexed to the answer and made a part thereof, it appears that some 118 findings of fact were made upon the trial of the separation suit. From an inspection thereof we find that at least 29 of

the number are findings of acts upon the part of the defendant which, in contemplation of law, constituted cruel and inhuman treatment. Some of them are findings of actual assaults committed upon the plaintiff in that action, while others are findings of the use of profane and abusive language, attempts at assault, and charges reflecting upon the wife's chastity and character. The learned trial court refused to grant a decree of separation for the reason that, while it found as conclusion of law "that the defendant had treated the plaintiff in a manner which would be cruel and inhuman but for the provocation mentioned herein," plaintiff had been guilty of provocation justifying the court in refusing her a decree, and therefore he did not dismiss the complaint, but withheld the granting of a decree, and provided for the education and maintenance of the plaintiff and her child.

We are of the opinion that the findings of fact and conclusions of law made by the learned trial court in the separation suit fully justified the statement made by the defendant Battle, and that his summary of the conclusions reached by the trial court was a fair and accurate one. The court found that the plaintiff herein had been guilty of cruel and inhuman treatment of his wife. The fact that the wife herself had given him provocation did not change the character of the acts which he committed, but only went to the question of her right to obtain relief from a court of equity, which deemed her not entitled to such relief because of the provocation given by her to her husband.

In the opinion of Mr. Justice Hirschberg on the appeal (131 N. Y. Supp. 260) it was stated that:

"The learned trial court found as facts that the defendant was guilty of the cruel and inhuman treatment charged against him; but also found that the plaintiff's conduct was such as to provoke and irritate her husband to the extent of constituting a complete defense to the accusations made against him"—thus confirming the conclusion that the trial court had found as a fact the defendant's commission of cruel and inhuman treatment.

[1, 2] We think that both these separate defenses were good in law, and that the demurrers thereto should have been overruled.

[3] With respect to the second separate defense, the words "although never published or circulated by the defendant," if included in a defense setting forth justification and the truth of the matter complained of, would render that defense demurrable under the decision in Jacoby v. James, 136 App. Div. 432, 120 N. Y. Supp. 981, if interposed by a newspaper charged with having published and circulated the libel; but here the defendant Battle is not charged with having published or circulated the libel, but only with having prepared an interview with a view to its publication, and that fact is not denied by this separate defense. The allegation of his not having published or circulated it may therefore be treated as mere surplusage.

The judgment appealed from should therefore be reversed, with costs to the appellant, and the demurrer overruled, with costs, with leave to plaintiff to withdraw demurrer on payment of costs in this court and in the court below. All concur.