MACK, MILLER CANDLE COMPANY, Respondent, *v.* THE MACMILLAN COMPANY, Appellant.

Fourth Department, January 17, 1934.

*Benjamin E. Shove, Walbridge S. Taft, Oscar S. Cox* and *Malcolm S. Langford,* for the appellant.

*Ernest I. White,* for the respondent.

EDGCOMB, J. In 1927 the defendant, Macmillan Company, published a book written by Stuart Chase and F. J. Schlink, entitled " Your Money's Worth." The book deals with the quality and utility of many well-known and widely-advertised articles of merchandise, and describes, among other things, how the quality as detailed in the advertisements differs from the actual facts as determined by laboratory tests. Numerous reprints of the book were had as late as 1931. The book had a wide circulation.

In a chapter entitled "Adulteration and Misrepresentation,"

where the authors were speaking of cases which had come before the Federal Trade Commission, we find the following reference to the plaintiff and to its product: " In the case of the Mack, Miller Candle Company, dismissal of the complaint took place, Commissioners Thompson and Nugent dissenting. The facts were that the firm sold as ' beeswax altar candles ' a candle containing less than fifty percent of beeswax, although the practice of the Catholic church required more than a fifty percent beeswax content. Analysis by the Bureau of Standards on behalf of the Commission, showed that the Company's candles contained only 11.5 percent of beeswax. But the significant point is this. A majority of the Commission dismissed the case for the reason that ' respondent has so modified its business practices as to remove the cause of the complaint.' But Commissioner Thompson in his dissenting opinion says: ' Publicity in proper cases quickens the conscience of the entire industry and leads to a concerted movement to correct the conditions all along the line. * * * The Commission should give greater weight to the welfare of the industry affected and the purchasing public, than the interests of the single respondent who has been guilty of fraudulent conduct.' In Mr. Thompson the consumer finds a friend indeed."

Claiming that the above-quoted excerpt is defamatory and libelous, plaintiff brings this action to recover the pecuniary loss which it claims to have sustained by reason of the alleged libel. There is no allegation in the complaint that the statement was maliciously uttered or circulated, or that the plaintiff has sustained any special damages by reason of its publication.

The answer alleges four defenses: (1) That the article is not libelous *per se*, and as no special damages are alleged, no cause of action is stated; (2) that the statement is true; (3) that the article is nothing more than a fair comment upon the proceedings of a public body, to wit, the Federal Trade Commission; (4) that the action is barred by the Statute of Limitations.

Defendant moved for judgment, pursuant to rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act. While the rule above mentioned authorizes the court to grant judgment to either party, if he is entitled thereto on the pleadings, section 476 of the Civil Practice Act permits the court to render judgment in favor of any party at any stage of an action, if warranted by the pleadings or the admissions of a party. We have before us certain admissions of the plaintiff, made in answer to a demand of the defendant, pursuant to the provisions of section 323 of the Civil Practice Act. These admissions, as well as the pleadings, were before the Special Term on this motion, and, having been made to

avoid a question arising on the pleadings, may properly be considered on this appeal under the provisions of the Civil Practice Act. (*Lloyd* v. *R. S. M. Corp.*, 251 N. Y. 318, 320.) . In fact, counsel for plaintiff so stipulated on the argument, although the admissions do not form a part of the pleadings.

We think that the record before us shows beyond question that the accusation against the plaintiff is true. That being so, there was no libel. The truth may be published with impunity; it constitutes a complete justification for the publication, and exempts the defendant from civil liability.

This brings us to a brief statement of the facts as disclosed by the pleadings, and the admissions of the plaintiff.

In February, 1924, the Federal Trade Commission issued a complaint against the plaintiff, and required it to answer the charges at a specified time and place. It was alleged that the plaintiff manufactured and sold candles designed and used for religious purposes, known as " altar " candles; that the rules and regulations of certain religious denominations and churches required such candles to contain more than fifty per. cent of beeswax; that in the course of its business plaintiff sold to such religious denominations and churches candles purporting to be " altar " candles, but which contained less than the required percentage of beeswax; that the plaintiff falsely branded and labeled such candles, and represented that they complied with the rules, laws and regulations of said religious denominations and churches as to beeswax content; that such erroneous and false branding and labeling not only had the tendency to but actually did deceive purchasers and prospective buyers into the belief that beeswax constituted more than fifty per cent of the ingredients of said candles. The candle company answered the complaint, and entered into a stipulation with the counsel for the Trade Commission as to certain facts to be used in the proceeding before the Commission.. It was stipulated that the Roman Catholic church had certain requirements in regard to the ingredients of candles used in certain religious ceremonies of the church. It seems that the church required at least two candles to be burned on the altar at low mass, six at high mass, and fourteen at benediction, and that all of these candles must contain more than fifty per cent of beeswax. In addition to these rubrical or essential candles, the officiating priest may, at his option, burn additional ones containing a less content of beeswax or no beeswax at all. Plaintiff in this stipulation conceded that, prior to May 23, 1923, it manufactured and sold candles throughout the United States which were composed of about fifteen per cent of beeswax, and that it labeled the containers in which such candles were packed, "Altar

Beeswax Candles manufactured by Mack, Miller Candle Company." Plaintiff also admitted that the use of the words " altar " and " beeswax " on said container " had the tendency and capacity to mislead or deceive purchasers into the erroneous belief that said candles so labeled contained more than fifty per cent of beeswax and were candles constructed in accordance with the rules of the church laying down specifications as to the beeswax content of the essential or necessary candles to be burned in religious services." Plaintiff promised and agreed that in the future it would refrain from the use of the words " altar beeswax " in labeling or branding any candles containing less than the required percentage of beeswax. The Commission dismissed the complaint " for the reason that respondent has so modified its business practices as to remove the cause of the complaint." Commissioners Thompson and Nugent dissented.

While the stipulation signed by the candle company is not a verbatim admission of the accusation contained in the publication complained of, it is a substantial concession that the charge is true. That is enough to relieve the defendant from civil liability. (*Conner* v. *Standard Publishing Co.*, 183 Mass. 474.)

" When the truth is so near to the facts as published that fine and shaded distinctions must be drawn and words pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done." (*Cafferty* v. *Southern Tier Pub. Co.*, 226 N. Y. 87.)

We also think that judgment should be ordered for the defendant for another reason. To our mind the article complained of is a fair and impartial report of the Federal Trade Commission, a public administrative board, on a matter of general concern and of public interest. Such comment is, therefore, qualifiedly privileged, and, as no actual malice is alleged, there can be no recovery on the part of the plaintiff. (*Lee* v. *Brooklyn Union Pub. Co.*, 209 N. Y. 245; *Robinson* v. *Battle*, 148 App. Div. 230.)

"A fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated." (*Briarcliff Lodge Hotel* v. *Citizen-Sentinel Publishers*, 260 N. Y. 106, 118.)

The Federal Trade Commission is a public administrative board, and its proceedings come within the rule of privileged comment. (*Artloom Corporation* v. *National Business Bureau*, 48 F. [2d] 897.)

The article complained of fairly and correctly states the charge made against the plaintiff before the Commission, the final outcome before that body, and the evidence on which the decision was made. The comment of the author as to what was the significant fact, and as to Commissioner Thompson being a friend of the consumer,

is only fair comment on the proceeding, and in no way libels the plaintiff.

The conclusion which we have reached makes it unnecessary to discuss the question of whether the article is libelous *per se.*

It might be well to add that we do not think the action is barred by the Statute of Limitations. The action was commenced November 2, 1932, within two years of the date the article was reissued or republished. Every separate and distinct publication or repetition of defamatory matter is a distinct offense for which an action will lie. (*Cook* v. *Conners*, 215 N. Y. 175; *McKay* v. *Foster*, 179 App. Div. 303.)

The order appealed from should be reversed and the motion granted.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.