**Anthony B. CASSIUS, Plaintiff,**

v.

**Lee MORTIMER, Glenn Neville, as Ancillary Executor of the Estate of Jack Lait, deceased, Crown Publishers, Inc. and American Book-Stratford Press, Inc., Defendants.**

United States District Court
S. D. New York.

Sept. 5, 1957.

Squadron & Alter, New York City, for plaintiff.

Michael J. Kenny, New York City, for defendant Lee Mortimer.

Schmidt, Egan, Smith & Murray, New York City, for Estate of Jack Lait.

Townley, Updike, Carter & Rodgers, New York City, for Crown Publishers, Inc.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for American Book-Stratford Press, Inc.

CASHIN, District Judge.

This is an action for libel allegedly published in a book called "U.S.A. Confidential". Defendants are one of the authors, the ancillary executor of the estate of the other author, the publisher and the printer.

Defendants separately move for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the grounds of Statute of Limitations, res judicata and release.

Jurisdiction of the Court is based upon diversity of citizenship.

Examination of the pleadings, the deposition of the plaintiff and the affidavits submitted in support of and in opposition to the motions, reveal the following facts concerning which there is no real dispute:

The defamatory language complained of was contained in the book "U.S.A. Confidential", authored by the individual defendant and the testator of the executor-defendant; published by defendant, Crown Publishers, Inc.; and printed and bound by defendant, American Book-Stratford Press, Inc. Four printings of the book were made, the last of which was completed by April 1952. The initial distribution of the book to the trade was commenced in February 1952 and, by April 30, 1952, 99% of the books printed had been so distributed. The present action was commenced on January 18, 1956 by the filing of the complaint.

It is, of course, the law that a federal court, sitting in a diversity case, is, in effect, a court of the state in which it sits and so must apply the law of that state (Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188) including that state's choice of law rules. Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. This rule is applicable to actions grounded in defamation (Mattox v. News Syndicate Co., Inc., 2 Cir., 1949, 176 F.2d 897, 12 A.L.R.2d 988). The courts of New York have adopted the so-called "single publication" rule with regard to publication of ephemera such as newspapers and magazines (Wolfson v. Syracuse Newspapers, Inc., 254 App.Div. 211, 4 N.Y.S.2d 640, affirmed 279 N.Y. 716, 18 N.E.2d 676; Hartmann v. Time, Inc., Sup., 60 N.Y.S.2d 209, 210, 211,

affirmed 271 App.Div. 781, 66 N.Y.S.2d 151; Campbell-Johnston v. Liberty Magazine, Inc., Sup., 64 N.Y.S.2d 659, 660, affirmed 270 App.Div. 894, 62 N.Y. S.2d 581) and the case of Gregoire v. G. P. Putnam's Sons, 298 N.Y. 119, 81 N.E.2d 45 extended the application of the rule to books. In the last cited case, the last printing of the book in which the defamatory matter was contained and the initial distribution of that printing, had been effected prior to the statutory period of limitation before the commencement of suit. However, additional sales of the book, both in New York and in other jurisdictions, had been made within the statutory period. The Court of Appeals held that the action was barred by the New York Statute of Limitations.

Plaintiff seeks to avoid this apparently clear holding by the following reasoning:

The publications complained of in the complaint were made in Minnesota. Minnesota has not adopted the "single publication" rule. New York will apply, in tort cases, the lex loci delicti. By New York law, therefore, as adopted from the Minnesota law, a new cause of action has arisen which is without the bar of the Statute of Limitations. His argument is buttressed by the assertion that plaintiff is known only in Minnesota and his only damages were suffered therein.

The only question in issue herein is the application of the "single publication" rule to the Statute of Limitations. No question is in issue as to any other facet of the "single publication" rule. The rule enunciated in Gregoire v. G. P. Putnam's Sons, supra, bars this forum to the plaintiff. Plaintiff could have instituted action in the court of New York immediately upon the initial distribution of the first printing (Gregoire v. G. P. Putnam's Sons, supra, 298 N.Y. at pages 124–125, 81 N.E.2d at pages 47–48) and the running of the Statute would not in any event be tolled beyond

the initial distribution of the last printing. Cf. Mack, Miller Candle Co. v. MacMillan Co., 239 App.Div. 738, 269 N.Y.S. 33, affirmed 266 N.Y. 489, 195 N.E. 167. This last initial distribution was far more than one year before the institution of the present action and so is barred by the New York Statute of Limitations (New York Civil Practice Act, § 51, subd. 3).

A cursory reading of Mattox v. News Syndicate Co., Inc., supra, would appear to give support to plaintiff's contentions. In that case, the Court of Appeals, however, was passing only upon the admissibility of evidence. An examination of the record on appeal, in fact, indicates that counsel for plaintiff, in their answer to defendant's petition for rehearing (pp. 3 and 4) conceded that in a Federal Court sitting in New York the "single publication" rule of New York would bar a suit instituted more than one year after the initial publication of the libelous periodical or book even though subsequent distribution within the statutory period was made.

It is, therefore, held that for the purposes of determining whether a cause of action in defamation against an author, publisher or printer is barred by the New York Statute of Limitations, Federal Courts in New York must look to the date when the "finished product is released by the publisher for sale in accord with trade practice". Gregoire v. G. P. Putnam's Sons, supra, 298 N.Y. at page 126, 81 N.E.2d at page 48. In the instant case, this release of the finished product took place no later than April of 1952, more than three and one-half years prior to the institution of suit. Summary judgment in favor of the defendants is, therefore, granted.

Since judgment in favor of the defendants is warranted on the grounds of the Statute of Limitations, it is unnecessary to consider the alternative grounds of relief urged by defendants.

The Clerk is directed forthwith to enter judgment in favor of the defendants in accordance with this Opinion.