**Jack BARRY, Plaintiff,**

v.

**BEACON PUBLICATIONS CORPORATION, Defendant.**

United States District Court
S. D. New York.

July 31, 1958.

On Reargument Nov. 6, 1958.

Simon Haberman, New York City, for plaintiff.

Swiger, Chambers, Kelley & Harragan, New York City, for defendant. J. Robert Ellner, New York City, of counsel.

LEVET, District Judge.

The defendant above named moves for summary judgment on the ground that the complaint is barred by the application of the statute of limitations.

The action is brought by the plaintiff, a citizen of Delaware, against the defendant, which is incorporated under the laws of the State of New York. The basis of action is alleged to be that the defendant published and circulated certain defamatory and/or libelous statements about the plaintiff in a certain magazine entitled, "Lowdown," published with a circulation in Pennsylvania and in the State of New York. The issue of the magazine in which the allegedly libelous statements were published was placed on public sale on January 15, 1957. In any event, it appears by the plaintiff's admission in a deposition taken by the defendant that the alleged libel was published prior to February 20, 1957. A complaint was filed on February 28, 1958.

At the time of the publication, plaintiff's place of residence appears to have been in Pennsylvania. At the time of

the commencement of the action and at the present time the plaintiff's legal residence appears to be Delaware. The magazine appears to have been printed and published in Illinois.

In paragraph 2 of the complaint plaintiff alleges that:

"* * * the defendant corporation maliciously, carelessly, wantonly and voluntarily composed, published and circulated in the 'Low Down' a monthly publication with extensive circulation in and about the City and County of Philadelphia, in the Commonwealth of Pennsylvania and the City of New York, in the State of New York, and elsewhere, false, scandulous, [sic] malicious and defamatory statements concerning and relating to the plaintiff * * *"

In what state, if any, other than New York, Pennsylvania, Illinois and possibly Delaware plaintiff claims publication to have taken place does not appear.

The defendant contends that in each of the states of New York, Pennsylvania and Illinois a one-year statute of limitations is applicable to libel actions. See New York Civil Practice Act, § 51(3); 12 Purdon's Pennsylvania Statutes Annotated, § 31; 83 Illinois Revised Statutes, § 14, S.H.A. It appears that in each of the aforementioned states the so-called "single publication" rule is applicable. See, e. g., Gregoire v. G. P. Putnam's Sons, 1948, 298 N.Y. 119, 81 N.E. 2d 45; Toomey v. Farley, 1956, 2 N.Y.2d 71, 156 N.Y.S.2d 840, 138 N.E.2d 221; Winrod v. Time, Inc., 1948, 334 Ill.App. 59, 78 N.E.2d 708; Winrod v. MacFadden Publications, Inc., 7 Cir., 1951, 187 F.2d 180; Hartmann v. Time, Inc., 3 Cir., 1947, 166 F.2d 127, 1 A.L.R.2d 370; Kilian v. Stackpole Sons, Inc., D.C.M.D. Pa.1951, 98 F.Supp. 500. Therefore, under the substantive law of New York, Illinois or Pennsylvania, plaintiff's cause of action would be barred since the first publication of the alleged libel occurred more than one year prior to the commencement of this action.

However, the complaint in its present form alleges a multistate publication of the alleged libel, which publication may have occurred in states which do not follow the "single publication" rule or which do not have a one-year statute of limitations on libel actions.

The affidavits submitted in support of this motion do not indicate that the circulation of defendant's magazine is limited exclusively to jurisdictions following the "single publication" rule and having a one-year statute of limitations. On the contrary, the affidavit of Arnold Abramson, defendant's president, sworn to May 28, 1958, states that the allegedly defamatory issue of "Lowdown" magazine "was published and placed on sale both in Philadelphia, New York and *throughout the country* on January 15, 1957." (Emphasis supplied)

Insofar as plaintiff's claim is predicated upon alleged publications which occurred in states which have a longer statute of limitations than that in New York, the one-year New York statute would, nevertheless, appear to be controlling by virtue of Section 13 of the New York Civil Practice Act. This statute is in part as follows:

"Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon the cause of action * * *".

However, the New York decisions, which this court must follow in diversity cases both as to substantive and conflicts of laws matters,[1] do not appear to have dealt with the question of

---

1. See Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Hartmann v. Time, Inc., 3 Cir., 1947, 166 F.2d 127, 1 A.L.R.2d 370.

whether the New York "single publication" rule is applicable to bar a libel action predicated in part upon defamatory publications in states which still follow the common law multiple publications rule.

It should be apparent from the foregoing discussion that complex problems of fact and law may be involved in this case which preclude the granting of summary relief. However, this can only be determined after plaintiff has specified the states in which he claims publication of the allegedly defamatory material took place.

Accordingly, this motion is disposed of as follows:

(1) The complaint herein is stricken;

(2) Plaintiff's claim, insofar as it is predicated upon publication of the allegedly defamatory matter in New York, Pennsylvania and Illinois, is dismissed;

(3) Within 20 days from the date of notice hereof in the New York Law Journal, the plaintiff is directed to serve an amended complaint setting forth in a separate cause of action each state other than New York, Pennsylvania and Illinois in which he claims a publication of the allegedly defamatory matter upon which this suit is predicated, provided that such states do not follow the "single publication" rule;

(4) The defendant's motion is otherwise denied, without prejudice to the renewal thereof after plaintiff shall have served and filed his amended complaint.

### On motion for reargument

The defendant has moved for reargument of its motion for summary judgment on the ground that the case of Cassius v. Mortimer, D.C.S.D.N.Y.1957, 161 F.Supp. 74, affirmed in open court without opinion, 2 Cir., 1958, 252 F.2d 959, is dispositive of the issues here involved.

■ In the Cassius case, supra, the defendants' motions in the District Court

for summary judgment were granted on the ground that the plaintiff's action, arising out of allegedly libelous publications in Minnesota, was barred by the New York statute of limitations. The District Court, relying on Gregoire v. G. P. Putnam's Sons, 1948, 298 N.Y. 119, 81 N.E.2d 45, concluded that the New York courts (which this court must follow in diversity of citizenship cases) would apply the New York single publication rule to bar a libel action predicated upon defamatory publications in a state which still followed the common law multiple publications rule.

The question of law certified to the New York Court of Appeals in the Gregoire case, supra, was as follows:

" * * * 'Do sales from stock by a book publisher of copies of a book containing libelous material constitute republications of the libelous matter, so as to give rise to new causes of action within the meaning of Section 51, subdivision 3, of the Civil Practice Act, where the copies sold are from an impression made and released for wholesale distribution more than one year prior to the dates of such sales?'" 298 N.Y. at page 122, 81 N.E.2d at page 46.

While the Gregoire case involved the sale of a small number of copies of the allegedly defamatory book to various retail book stores in the United States, there is little, if anything, in the briefs on appeal[1] or in either the majority or dissenting opinions in the Court of Appeals to indicate that that court was apprised of, considered, or was endeavoring to pass upon the conflicts of law problem inherent in attempting to apply New York's single publication rule to a multistate libel action involving states which still follow the common law multiple publications rule.

■ In the Cassius case, there was asserted a defense of res judicata predicat-

---

[1]. An indirect reference to the conflict of laws problem is contained in a footnote appearing at page 9 of the brief of American Book Publishers Council, Inc., amicus curiae, wherein it was sought to distinguish the case of Hartmann v. Time, Inc., 3 Cir., 166 F.2d 127, 1 A.L.R.2d 370.

ed upon a dimissal of two prior actions. While the District Court's order granting summary judgment was based solely upon the defense of the statute of limitations, the res judicata issue was discussed in the briefs on appeal and appears to have been argued before the Court of Appeals. It is possible that the res judicata defense in any event would have necessitated an affirmance of the District Court's order of dismissal. Nevertheless, I feel that I am impelled under the doctrine of stare decisis to accept the Cassius decision as determinative of the instant motion.

Accordingly, the defendant's motion for reargument is granted, and upon reargument its motion for summary judgment based upon the defense of the statute of limitations is in all respects granted.

So ordered.