**ASSOCIATION FOR THE PRESERVA-TION OF FREEDOM OF CHOICE, INC., and Association for the Preservation of Freedom of Choice Legal Educational Fund, Inc., Plaintiffs-Appellants,**

v.

**Caroline K. SIMON, Individually and as Secretary of State, New York State, Defendant-Appellee.**

**No. 228, Docket 27279.**

United States Court of Appeals
Second Circuit.

Argued Jan. 19, 1962.

Decided Feb. 6, 1962.

Alfred Avins, New York City, for plaintiffs-appellants.

Irving L. Rollins, Asst. Atty. Gen. (Samuel A. Hirshowitz, First Asst. Atty. Gen. and Louis J. Lefkowitz, Atty. Gen., of the State of New York, on the brief), for defendant-appellee.

Before MEDINA, MOORE and SMITH, Circuit Judges.

PER CURIAM.

The complaint purported to allege three claims for relief, and it was dismissed in its entirety by Judge Murphy on defendant's motion framed in a double aspect, for failure to state a claim for relief pursuant to Rule 12(b) (6), and for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C. Plaintiffs appeal from the orders granting defendant's motion and denying plaintiffs' cross-motion for summary judgment. Jurisdiction of the District Court is asserted under 28 U.S.C. §§ 1331 and 1332.

## I

■ Appellant Association for the Preservation of Freedom of Choice, Inc. is a corporation organized under the laws of the District of Columbia; appellee is the Secretary of State of the State of New York. The first claim for relief alleged in the complaint is based upon the assertion that, as the result of a series of decisions of the New York State courts and the refusal of appellee to file appellant's certificate of incorporation without the approval of a Supreme Court Justice, as required by Section 10 of the New York Membership Corporations Law, and Section 211(2) of the New York General Corporation Law, appellant's rights under the Fourteenth Amendment of the United States Constitution have been infringed. Reference is made in the complaint to the prior refusal of appellee to file the certificate of incorporation of a domestic corporation of the same name, also alleged to have been due to the failure of that corporation to obtain the required approval of a Supreme Court Justice. We find it not necessary to describe in detail the numerous and seemingly confusing and complicated proceedings in the New York State courts, and the opinions and memoranda of these courts referred to in the complaint. It will suffice to say that, by the decision of the New York Court of Appeals of two consolidated appeals, Association for the Preservation of Freedom of Choice, Inc. v. Shapiro, 1961, 9 N.Y.2d 376, 214 N.Y.S.2d 388, 174 N.E.2d 487, Section 10 of the New York Membership Corporations Law, and Section 211(2) of the New York General Corporation Law were construed, and the matter was remitted to the Appellate Division, Second Department, for further proceedings. Instead of pursuing the matter further in the Appellate Division, Second Department, appellant then commenced, in the United States District Court for the Southern District of New York, the action now before us.

Not only is it clear that the New York courts have not up to the present time, and since the matter was remitted to the Appellate Division, Second Department, applied the New York corporation laws to appellant in a manner infringing its constitutional rights under the Fourteenth Amendment, but it is also clear that the construction of these statutory provisions by the New York Court of Appeals is such as to leave no basis for a claim that these laws as thus construed are unconstitutional. Consequently, Judge Murphy was correct when he ruled that there is no substantial federal question in this phase of the case.

Another party plaintiff, the Association for the Preservation of Freedom of Choice Legal Educational Fund, Inc., also appeals from the order granting the judgment of dismissal. It does not appear that the Foundation was ever a party to any of the New York litigation above referred to, or that appellee ever took any action with reference to the filing of the certificate of incorporation of the Foundation. But we shall assume,

*arguendo*, that, as alleged in the complaint, the same action "would be" taken with respect to the Foundation as was taken with respect to the other appellant, not only because of the failure to obtain the approval of a Supreme Court Justice, but also for failure to obtain the approval of the Education Commissioner of New York, as required by Section 11(2) of the New York Membership Corporations Law. We reach the same result, namely that there is no substantial federal question in this phase of the case, with respect to appellant Foundation and for the same reasons as those briefly stated in the foregoing part of this opinion concerning the other appellant.

## II

■■ The second claim for relief is based upon an alleged deprivation of "rights * * * secured by the Constitution." 42 U.S.C.A. § 1983. The allegations appear to combine the refusal of appellee to file the certificates of incorporation without the approval of a Supreme Court Justice, already discussed, with an alleged libel that is realleged separately as the third claim for relief. With respect to the refusals, the allegations do no more than state that appellee performed her duties as Secretary of State of New York as required by the letter of the statutes, and we have already held these statutes, as construed by the New York Court of Appeals, to be clearly constitutional. Consequently, the allegations set forth in the second claim for relief are patently insufficient. The Civil Rights Act, and in particular 42 U.S.C.A. § 1983, was never intended to be held applicable to the type of situation here presented. So much of the alleged second claim for relief as relates to the alleged libel has no connection with any federally protected right but solely with a right arising out of state law.

## III

■■ The third claim for relief is for an alleged libel. Jurisdiction here is based solely on diversity. The alleged libelous statements were first published in New York. Judge Murphy held this claim to be time barred, by virtue of the one-year period of limitations provided in New York Civil Practice Act, § 51, which is measured from the time of first publication. Gregoire v. G. P. Putnam's Sons, 1948, 298 N.Y. 119, 81 N.E.2d 45; Cassius v. Mortimer, S.D.N.Y., 1957, 161 F.Supp. 74; Barry v. Beacon Publications Corporation, S.D.N.Y., 1958, 169 F.Supp. 439; National Cancer Hospital of America v. Confidential, Inc., Sup. Ct. N.Y. County, 1956, 151 N.Y.S.2d 443. Were New York forced to recognize as a separate claim for relief each subsequent publication in another jurisdiction, the policy of its Statute of Limitations and single publication rule "to spare the courts from litigation of stale claims," Gregoire v. G. P. Putnam's Sons, supra, 298 N.Y. at p. 123, 81 N.E.2d at p. 48 would be swept away. We are not here concerned with a tort which arose full-born in a sister state. Only the subsequent publication was in a sister state. Gregoire on its facts presented the very issue now before this Court, but the question certified on appeal was limited to the following:

> " 'Do sales from stock by a book publisher * * * constitute republications of the libelous matter, so as to give rise to new causes of action within the meaning of Section 51, subdivision 3, of the Civil Practice Act * * *.' " 298 N.Y. at p. 122, 81 N.E.2d at p. 46.

Although the New York Court of Appeals did not reach the choice of law problem posed by multi-state libels, the rationale of the case dictates the application of forum law to foreign claims for relief where the first publication was in New York. Cassius v. Mortimer, supra. In the present era of mass communication a contrary decision would render the New York single publication rule a complete nullity.

Statutes of Limitations are traditionally considered to be procedural for conflicts purposes, and the forum state applies its own period of limitations to foreign claims for relief. In Wells v. Simonds Abrasive Co., 1953, 345 U.S.

514, 73 S.Ct. 856, 97 L.Ed. 1211, the Supreme Court reaffirmed the long established principle that application of the Statute of Limitations of the forum state to a foreign substantive right does not constitute a denial of the full faith and credit required by 28 U.S.C. § 1738. Thus, in New York State courts the action would properly be barred. And a Federal District Court sitting in New York, whose jurisdiction rests solely on diversity, should comply with this state rule for the state rule is bound up with rights and obligations of the parties and its application does not disrupt the procedures of the federal system. Otherwise, the outcome would likely depend on the courthouse where suit is brought. See Byrd v. Blue Ridge Rural Electric Cooperative, Inc., 1958, 356 U.S. 525, 537–538, 78 S.Ct. 893, 2 L.Ed.2d 953; Bernhardt v. Polygraphic Co., 1956, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199; Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079.

We do not find it necessary to discuss any of the other numerous questions of law argued in the briefs.

Affirmed.