Joseph A. Suozzi, J.
This is a motion to dismiss a complaint for failure to state a cause of action. The plaintiff is a franchised Lincoln-Mercury dealer, and brings this action against a similarly licensed corporation, two of its officers, and an *183 employee. The first of the three causes of action alleged in the complaint seeks to recover damages for libel; the second for slander; and the last cause is predicated on prima facie tort.
The first cause of action states in substances that a named customer of the plaintiff, who had contracted to purchase an automobile from it, subsequently visited the corporate defendant’s place of business where he was shown a report sent to all Lincoln, Mercury and Comet car dealers by the Lincoln-Mercury Division of the Ford Motor Company. The report is annexed to the complaint, and lists the automobile dealers with the highest number of complaints registered with the Ford Motor Company’s customer relations department in Detroit. The complaint charges the matter contained in the report (concerning the number of complaints against it) is untrue, and that the defendant knew or could have ascertained this fact. It further alleges that the defendants were actuated by malice, and intended to injure the plaintiff in its business, and that as a result thereof the plaintiff’s customer breached his contract.
The complaint is attacked principally on the theory that the report exhibited by the defendants is privileged. The rule is that a communication made bona fide upon any subject in which the communicating party has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, although it contained criminating matter which, without this privilege, would be slanderous and actionable (Shapiro v. Health Ins. Plan of Greater New York, 7 N Y 2d 56, 60). The privilege, however, is qualified, and the unwarranted or unauthorized communication of the information to person without an interest therein is not privileged (Sunderlin v. Bradstreet, 46 N. Y. 188; cf. Klinck v. Colby, 46 N. Y. 427). A qualified privilege, moreover, is destroyed by malice (Andrews v. Gardiner, 224 N. Y. 440, 446).
In the absence of evidentiary facts, this court cannot hold as a matter of law that the report was privileged, and if so, that its republication by the defendants was without actual malice. The plaintiff is not bound to plead its evidence, and upon the pleadings alone the first cause of action is legally sufficient. The defense of privilege and the lack of malice may be pleaded by the defendants. Since the first cause of action is sufficient, the complaint must be sustained, and there is no need to pass on the merits of the second and third causes. The motion is denied.