■ PETER E. DRONER, Respondent, v. RICHARD SCHAPP, Defendant, · and COWLES COMMUNICATIONS, INC., et al., Appellants.— In an action to recover damages for alleged libel, the appeals are from two orders of the Supreme Court, Kings County, both dated July 9, 1969, which respectively denied appellants' separate motions for summary judgment dismissing the complaint. Orders reversed, on the law, with a separate bill of $10 costs and disbursements to each appellant, and each motion granted with $10 costs. In our opinion the record establishes the truth of the subject publication, within the guidelines of *Fleckenstein* v. *Friedman* (266 N. Y. 19, 23) and *Yarmove* v. *Retail Credit Co.* (18 A D 2d 790), and truth is a complete, absolute defense (*Shenkman* v. *O'Malley*, 2 A D 2d 567, 572; *Dolcin Corp.* v. *Reader's Digest Assn.*, 7 A D 2d 449, 454; *Mack, Miller Candle Co.* v. *Macmillan Co.*, 239 App. Div. 738, affd. 266 N. Y. 489). Moreover, we believe this publication comes within the

scope of the rule of *New York Times Co.* v. *Sullivan* (376 U. S. 254) and its progeny (see, e.g., *Time, Inc.* v. *Hill*, 385 U. S. 374; *Pauling* v. *National Review*, 22 N Y 2d 818; *Gilberg* v. *Goffi*, 21 A D 2d 517, affd. 15 N Y 2d 1023; *Wasserman* v. *Time, Inc.*, 424 F. 2d 920; *Cullen* v. *Grove Press*, 276 F. Supp. 727; *Fotochrome, Inc.* v. *New York Herald Tribune*, 61 Misc 2d 226, and cases cited therein; *Altoona Clay Prods.* v. *Dun & Bradstreet*, 286 F. Supp. 899; *United Med. Labs.* v. *Columbia Broadcasting System*, 404 F. 2d 706, cert. den. 394 U. S. 921; *Arizona Biochemical Co.* v. *Hearst Corp.*, 302 F. Supp. 412; *Holmes* v. *Curtis Pub. Co.*, 303 F. Supp. 522; *Gilligan* v. *Farmer*, 30 A D 2d 26). Hence, appellants could be held liable only if they knowingly or reckessly published a false, defamatory statement (*Pauling* v. *National Review, supra*, p. 819). In this record there is no claim that appellants knew of any falsehood in the publication and it is undisputed that they did not. Similarly, there is no showing that they published it with reckless disregard of its truth or falsity; and their undisputed assertions that they relied on reputable sources of information are enough, per se, to disprove any such claim of recklessness (*Schneph* v. *New York Post Corp.*, 16 N Y 2d 1011). Hence, under the rule of the cases cited *supra*, appellants were entitled to summary judgment dismissing the complaint (cf. *Shapiro* v. *Health Ins. Plan*, 7 N Y 2d 56). Munder, Acting P. J., Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur.