**James D. McMILLEN, Plaintiff,**

v.

**The ARTHRITIS FOUNDATION, Defendant.**

**No. 75 Civ. 5735.**

United States District Court,
S. D. New York.

May 2, 1977.

James D. McMillen, pro se.

Sullivan & Cromwell, New York City, for defendant; William M. Dallas, Jr., New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff, James D. McMillen, ("McMillen"), appearing *pro se*, commenced this diversity action in November 1975 alleging that the defendant, The Arthritis Foundation ("Foundation"), a New York not-for-profit corporation, had engaged in acts of malicious prosecution to the detriment of McMillen, a practicing hypnotist who presently resides in Lincoln, Nebraska. In particular, McMillen alleges that in July 1974, while Chairman of the Board and principal stockholder of a New York corporation known as Therapeutic Hypnosis Inc. ("THI"), he met with representatives of the Foundation "for the purpose of establishing the joint participation of the plaintiff's corporation and the defendant, on a research project to determine the possible or probable affects [sic] from the use of hypnosis to alter the perception of arthritic pain." (Complaint ¶ 4). McMillen alleges that THI and the Foundation agreed to engage in a joint research project, that McMillen announced the details of such an agreement to government officials and members of the news media, that the Foundation subsequently denied the existence of such an

agreement, and that thereafter the Foundation maliciously defamed McMillen through publicly proclaimed falsehoods to the news media. McMillen claims damages from the alleged defamatory conduct in the amount of $200,000.

Although discovery in this case has been limited to the taking of a deposition of McMillen, the Foundation moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that there are no genuine issues of material fact and that the Foundation is entitled to judgment as a matter of law. McMillen, on the other hand, cross moves to strike the affidavit of George A. Cushing, Assistant Attorney General of the State of New York, on the grounds that it is not properly before this Court for consideration in a motion for summary judgment. Both parties agree that further discovery in this case is not warranted and that in the event the Foundation's motion for summary judgment is denied, the case should be set down for trial.

From the papers submitted, it appears that representatives of the Foundation, including Charles Bennett, the Director of Public and Professional Education, and Dr. Charles W. Sisk, Medical Director of the Foundation, met with McMillen and one or two of his associates in New York on July 2, 1974 to discuss THI's desire to engage in a joint research project with the Foundation to investigate the possible effectiveness of hypnotherapy in treating arthritic pain. McMillen introduced himself as a physician * from Schenectady, New York and as Chairman of the Board of THI. While the Foundation expressed some interest in participating in a joint research project with THI, its participation was to be conditioned on the development of a protocol or methodology for a valid double-blind clinical trial; McMillen's approval of such a protocol; McMillen's informing the Foundation of factors with respect to the selection of subjects for hypnotherapy; and the Founda-

---

* In his deposition dated January 12, 1976, plaintiff testified that he attended college in Ohio and California but refused to state whether he graduated from college or pursued any postgraduate studies or received any academic degrees.

tion's ability to find three rheumatologists to approve the protocol and participate in the project. It appears that none of these conditions were met.

Subsequently, THI distributed press releases and pamphlets without the consent or knowledge of the Foundation, claiming that it was engaged in a specialized arthritis research project with both the National Arthritis Foundation and the National Institute of Health. The Foundation objected to the unauthorized use of its name and prepared a draft memorandum summarizing the extent of the relationship between the Foundation and THI in response to inquiries from its Indiana Chapter and from the American Medical Association. The draft memorandum was never released to the public.

On September 12, 1974, the Foundation received a written inquiry dated September 6, 1974 from the Department of Licensing and Regulation of the State of Michigan pertaining to an investigation of THI by the Michigan authorities. In a reply letter dated September 16, 1974, Dr. Sisk, on behalf of the Foundation, objected to the falsified public relations campaign of THI and added that " . . . the unscrupulous promotional campaign of Therapeutic Hypnosis Incorporated has irreparably injured any further communication between us. The only way I would consider a collaborative effort at this time would be a full public retraction of all their statements. This obviously is unlikely to occur." See Exhibit "B" attached to affidavit of Dr. Charles W. Sisk dated October 19, 1976.

In March 1975, the Foundation was contacted by the Office of the Attorney General of the State of New York regarding an investigation of THI and McMillen for possible fraudulent and illegal activities in New York. In response to this inquiry, the Foundation forwarded its files on THI to the Attorney General's Office.

McMillen contends that the materials submitted to the Attorney General's office in March 1975, the reply letter of Dr. Sisk to the Michigan Department of Licensing and Regulation, and an alleged conversation in August 1974 between Dr. Bennett and a reporter of the *Kalamazoo Gazette* were defamatory in that they denied knowledge of any agreement between the Foundation and THI on a joint research project, resulting in THI's financial collapse and civil prosecution of McMillen by the State of New York.

### Discussion

■ In reviewing the alleged defamatory statements of the Foundation, the Court finds that they were directed toward the corporation, THI, and not McMillen. Indeed, in the reply letter of Dr. Sisk dated September 16, 1974, McMillen is praised as a knowledgeable hypnotist with an excellent understanding of the fundamental methods of clinical research. Under these circumstances it would appear that any cause of action would lie with the corporation and not with McMillen, even though McMillen was the Chairman of the Board and principal stockholder of THI. See *McBride v. Crowell-Collier Publishing Co.*, 196 F.2d 187 (5th Cir. 1952); *Gilbert Shoe Co. v. Rumpf Publishing Co.*, 112 F.Supp. 228 (D.Mass.1953).

Moreover, it appears that McMillen's claims of defamation, at least the alleged conversation between Mr. Bennett and the *Kalamazoo Gazette* reporter and the reply letter of Dr. Sisk, may be time barred by the New York statute of limitations, which is one year for actions to recover damages for libel, slander and false words causing special damages. N.Y. CPLR § 215 (McKinney 1972); *see Association for the Preservation of Freedom of Choice, Inc. v. Simon*, 299 F.2d 212 (2d Cir. 1962); *Constant v. Kulukundis*, 125 F.Supp. 305 (S.D. N.Y.1954). Since the publication of the alleged defamatory statements occurred in August and September 1974 and the complaint was not filed until November 14, 1975, it appears that these two causes of action are time barred. *See Association for the Preservation of Freedom of Choice, Inc. v. Simon, supra; Zuck v. Interstate Publishing Corp.*, 317 F.2d 727 (2d Cir. 1963); *Backus v. Look, Inc.*, 39 F.Supp. 662 (S.D.N.Y.

1941); *Cannon v. Time, Inc.*, 39 F.Supp. 660 (S.D.N.Y.1939).

 With respect to the documents submitted to the Attorney General's Office, it is clear that the Foundation was responding to a specific inquiry by the Attorney General's Office and that under these circumstances the Foundation is protected by a qualified privilege under New York law. *See generally Byam v. Collins*, 111 N.Y. 143, 19 N.E. 75 (1888); *Shapiro v. Health Insurance Plan of Greater New York*, 7 N.Y.2d 56, 60, 194 N.Y.S.2d 509, 512, 163 N.E.2d 333 (1959); *S & R Lincoln Mercury, Inc. v. Fleishman Motors, Inc.*, 38 Misc.2d 182, 236 N.Y.S.2d 647 (Sup.Ct.1962). While a qualified privilege may be destroyed by a showing of actual malice or reckless disregard of the truth, the burden of such proof is on the plaintiff. *Ashcroft v. Hammond*, 197 N.Y. 488, 495–496, 90 N.E. 1117 (1910); *Jiminez v. Maritime Overseas Corporation*, 360 F.Supp. 142 (S.D.N.Y.1973).

Here it is clear that the Foundation forwarded its files to the Attorney General's Office upon request for the legitimate purpose of assisting the Attorney General in his investigation of THI. The Foundation had an interest in protecting the integrity of its name and a duty to assist the Attorney General's Office in its investigation. Moreover, the Attorney General's Office had an absolute privilege to use the materials submitted by the Foundation in its investigation and subsequent prosecution of THI and McMillen. *See Seltzer v. Fields*, 20 A.D.2d 60, 244 N.Y.S.2d 792 (1963), *aff'd* 14 N.Y.2d 624, 249 N.Y.S.2d 174, 198 N.E.2d 368 (1964); *Lichter v. Zolotorofe*, 15 A.D.2d 552, 222 N.Y.S.2d 864 (1961).

 On a motion for summary judgment, the Court must decide whether there are any issues of fact to be tried and, in doing so, must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962), with the burden on the moving party to demonstrate the absence of any material issue genuinely in dispute, *Adickes v. S.*

*H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Heyman v. Commerce and Industry Insurance Company*, 524 F.2d 1317, 1320 (2d Cir. 1975); *United States v. Bosurgi*, 530 F.2d 1105 (2d Cir. 1976). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment " . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Here, the pleadings, deposition of McMillen, and affidavits show that there is no genuine issue of material fact. McMillen alleges defamatory conduct by the Foundation in three separate instances each of which, upon examination, is not actionable as a matter of law. The alleged conversation between Mr. Bennett of the Foundation and the reporter of the *Kalamazoo Gazette*, if it occurred, is time barred under the applicable New York statute of limitations. The letter written by Dr. Sisk on September 16, 1974 to the Michigan Department of Licensing and Regulation concerned the corporation, THI, and not McMillen and, in any event, is also time barred. In addition, the Foundation documents forwarded to the Attorney General's Office were privileged under New York law.

McMillen contends that the affidavit of George A. Cushing, Assistant Attorney General of the State of New York, is improperly before this Court on a motion for summary judgment. While the affidavit is voluminous with supporting documents that are not all relevant to the Foundation's motion, the Court finds that it has been properly presented under Rule 56(e) and accordingly McMillen's cross motion to strike is denied.

Since the Court finds that there are no genuine issues of material fact and that the Foundation is entitled to judgment as a matter of law, the Foundation's motion for summary judgment is granted.

Settle Judgment on Notice.